IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ED SARABIA, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B: 12-242 |
| STATE OF TEXAS and DEPARTMENT of the ARMY CORPS OF ENGINEERS, | § § § § | |
| Defendants. | § | |

## BRIEF OF THE STATE OF TEXAS
## ON SOVEREIGN IMMUNITY

Defendant, State of Texas, files this response to the brief of plaintiff, Ed Sarabia, in accordance with the March 18, 2013 order of this Court.

### Statement of Issues

Sovereign immunity bars this suit because this court lacks jurisdiction over the State. Sovereign immunity has not been waived by the State and the plaintiff has failed to prove the State waived sovereign immunity.

1. Because the plaintiff has not pled a valid takings claim, the takings clauses of the U.S. and Texas Constitution cannot serve as waivers of the State's sovereign immunity.

2. Res Judicata bars the plaintiff's takings claim in this suit.

3. A plea to the jurisdiction need not be verified under Texas Rule of Civil Procedure 93.

### Statement of Facts

The plaintiff, Ed Sarabia, filed a petition in State district court naming the State of Texas as a defendant. The plaintiff sought a declaratory judgment under the Uniform Declaratory Judgments Act ("UDJA") that his property, Lot 8, Block 129, South Padre Island-Padre Beach,

Section IX, Cameron County, Texas is not a wetland as defined in Texas Water Code § 11.502. The State filed a plea to the jurisdiction asking the State district court to dismiss the suit because sovereign immunity barred the court from exercising jurisdiction over the State.

In an amended petition, plaintiff asserted a takings claim against the State and the U.S. Army Corps of Engineers ("Corps"). The plaintiff alleges that the Texas Department of Transportation ("TXDOT") caused rain water to drain onto his property. Plaintiff cites a previous suit filed against TXDOT that was dismissed with prejudice on September 9, 2009. *See* Plaintiff's Exhibit B, Dkt. 11. That case stems from the same property that the State has allegedly taken in this suit. The case was settled by the parties and included a release "for the claims in the Lawsuit and for any claims related to or arising out of the matters described in the Lawsuit." *See* Exhibit A, ¶ 2.1 (attached to this brief). The State compensated the plaintiff in that settlement with $15,000.00. The plaintiff then attempted to fill his property in with dirt. The Corps allegedly then prevented the plaintiff from filling in the property because it is a wetland.

The State district court held a hearing on the State's Plea to the Jurisdiction, but did not issue a ruling before the Corps removed the case. This Court should render the ruling that the State court should have and dismiss this case for lack of jurisdiction. No court, State or Federal, has jurisdiction over plaintiff's claims.

## Summary of Argument

A plaintiff suing the State of Texas must prove that the State's sovereign immunity has been waived, either by statute or express permission of the Texas Legislature. Unless a plaintiff demonstrates a waiver of sovereign immunity, a court must dismiss claims against the State for lack of jurisdiction. In this case, none of plaintiff's claims for declaratory judgment or injunctive relief demonstrates a waiver of Texas's sovereign immunity.

In an attempt to get around this fatal defect, plaintiff amended his pleadings to assert a takings claim under the Texas Constitution. This cannot save plaintiff's case. The takings claim is meritless; it has been pled merely to circumvent sovereign immunity. Plaintiff does not really want compensation under the takings clause; he wants a declaration that his property is not a wetland. Moreover, any "taking" has already been handled in a prior lawsuit in which plaintiff received compensation and executed a release. The claim now made is barred by res judicata.

## Argument

The State cannot be sued in federal court absent a waiver of sovereign immunity. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). In a suit against the State the plaintiff must plead a waiver and also bears the burden of proving that sovereign immunity has been waived. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001); *See e.g. Texas Natural Resource Conservation Comm'n v. IT-Davy*, 74 S.W.4d 849, 855 (Tex. 2002). The State is immune from suit unless the Legislature consents to the suit through statute or express permission. *IT-Davy* 74 S.W.3d at 853 (citing *General Services Commission v. Little-Tex Insulation Co.*, 39 S.W. 3d 591, 594 (Tex. 2001)). "Legislative consent to sue the State must be expressed in 'clear and unambiguous language.'" *Id.* at 854 (citing Tex. Gov't Code §311.034). If the plaintiff fails to establish a waiver of sovereign immunity then the trial court does not have subject matter jurisdiction. *Texas Department of Transportation v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). The State may assert sovereign immunity from suit in a plea to the jurisdiction. *Jones*, 8 S.W.3d at 638.

**No Waiver of Sovereign Immunity**

The plaintiff has provided no statutory basis for this suit and no evidence that the Legislature gave permission to bring this suit. The plaintiff asserts in his brief that the suit is not

barred by sovereign immunity because both the US and Texas Constitutions prohibit a taking without just compensation. Tex. Const. art. I, § 17; U.S. Const. amend. V. While it is true that a waiver of sovereign immunity is not required to assert a taking, the plaintiff has not pled a valid takings claim.

*Texas Parks and Wildlife Dept. v. Sawyer Trust* is illustrative of the tactic that the plaintiff is using to circumvent the necessity of a waiver of sovereign immunity. 354 S.W.3d 384 (Tex. 2011). In *Sawyer Trust*, the Trust claimed that the Department had taken its property when it determined that the Salt Fork was navigable, and thus title to the bed of the stream was with the State. *Sawyer Trust*, 354 S.W.3d at 390. The Department argued that the Trust had not asserted a valid takings claim because it sought only declaratory and injunctive relief based on the dispute over title to the bed of the Salt Fork. *Id*. The Court agreed with the Department that although the Trust had cited the Texas and U.S. Constitution, the Trust had failed to assert a valid takings claim that would give the trial court jurisdiction over its claim. *Id*. The Court explained that because compensation is the sole remedy available for a takings, a claimant must seek compensation in order to establish a valid takings claim. *Id*. at 390-391. "Allowing the Trust's claim of title to be adjudicated by means of a takings claim would allow claimants to circumvent the State's sovereign immunity by creatively pleading such claims. Creative pleading cannot be used to effect the loss or waiver of the State's sovereign immunity." *Id*. at 392; *See e.g. IT-Davy* 74 S.W.3d at 856.

After the State filed its plea to the jurisdiction explaining that plaintiff lacked any basis under Texas law to obtain a declaratory judgment, the plaintiff amended his petition to make a takings claim, hoping to raise an issue that would not be barred by sovereign immunity.

The plaintiff's taking claim is not properly pled and was manufactured to obtain jurisdiction. The remedy for a valid takings claim is fair compensation for the action of the government that has taken the property for a public use. Even after the plaintiff amended the petition to assert a takings claim, he continued to ask — both in State court and this Court — for a declaratory judgment that the property is not a wetland as defined at Texas Water Code §11.502(4). That is not an appropriate remedy for a claim that his property has been taken. The court should not allow the plaintiff to plead his way around the jurisdictional defect in his suit in order to obtain a remedy that this court cannot grant him. Even though plaintiff requested compensation, the declaratory judgment is the remedy that plaintiff really wants. The request for compensation is an empty one — plaintiff has already been compensated for a taking of this property in a prior suit.

**Res Judicata**

In a lawsuit against TXDOT, the plaintiff and the State agreed to a settlement that resolved all matters in that suit and any future claims that may arise out of that suit. In exchange for a release from the plaintiff, the State compensated the plaintiff with $15,000.00. *See* Exhibit A, ¶ 2.1 (attached to this brief). The plaintiff's current lawsuit is barred by res judicata and is a facially invalid taking claim that fails as a waiver of sovereign immunity. *Igal v. Brighstar Info. Tech.*, 250 S.W.3d 78, 86 (Tex. 2008).

**Verification Not Required**

The State filed a plea to the jurisdiction in state court asserting its claim of sovereign immunity from this suit. The plaintiff argued that Texas Rule of Civil Procedure 93 requires that a plea to the jurisdiction needs to be verified by an affidavit. The plaintiff filed a motion with the court asking that the State's plea to the jurisdiction be struck because it was not verified.

A plea to the jurisdiction does not need to be verified. *AB-Tex Beverage Corp. v. Angelo State University*, 96 S.W.3d 683, 688, (Tex. App.—Austin, 2003, no writ). "Texas Rule of Civil Procedure 93 lists sixteen matters that must be verified by affidavit. An attack on the lack of subject matter jurisdiction based on governmental immunity is not among those listed." *Pakdimounivong v. The City of Arlington*, 219 S.W.3d 401, 413, Tex. App.—Ft. Worth, 2006, pet. denied).

## Conclusion

The plaintiff's brief fails to prove that sovereign immunity has been waived. The plaintiff's failure to prove that the State has waived sovereign immunity is a fatal defect. This Court should dismiss plaintiff's suit for lack of jurisdiction.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JOHN B. SCOTT
Deputy Attorney General for Civil Litigation

JON NIERMANN
Chief, Environmental Protection Division

/s/ Charles C. Bissinger, III
CHARLES C. BISSINGER, III
Assistant Attorney General
State Bar No. 24078233
Charles.bissinger@texasattorneygeneral.gov

DAVID PREISTER
Assistant Attorney General
State Bar No. 16245800
david.preister@texasattorneygeneral.gov

PRISCILLA M. HUBENAK
Assistant Attorney General
State Bar No. 10144690
priscilla.hubenak@texasattorneygeneral.gov

Environmental Protection Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2012 Telephone
(512) 320-0052 Facsimile

ATTORNEYS FOR DEFENDANT
STATE OF TEXAS

## CERTIFICATE OF SERVICE

I certify that on April 16, 2013, the above and foregoing document was served on counsel for all parties via the Court's CM/ECF Document Filing System.

/s/ Charles C. Bissinger, III
CHARLES C. BISSINGER, III
Assistant Attorney General